## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| B.H., a minor, by and through his parents and next friends Brenda Hinds and Kevin Hinds,<br>     Plaintiff,<br><br>v.<br><br>PROCTOR ACADEMY and NEW ENGLAND PREPARATORY SCHOOL ATHLETIC COUNCIL,<br>     Defendants. | Case No.: |

## VERIFIED COMPLAINT

B.H. is a talented young man who wants to play varsity field hockey on his school's team. His coaches support him. His prospective teammates support him. But, his school, citing league policy, will not let him join the team because he happens to be male and identifies as such. There is no good reason for this except for naked gender-based stereotypes and outward discrimination. This Court needs to put an end to it.

### I.    Parties

1. Plaintiff, B.H., is a minor and is a citizen of the State of New Hampshire. This action is brought on his behalf by his parents and next friends Brenda Hinds and Kevin Hinds.

2. Defendant Proctor Academy is a New Hampshire Nonprofit Corporation with a principal office at 204 Main Street, Andover, New Hampshire 03216, and a mailing address of PO Box 500, Andover, New Hampshire 03216.

3. Defendant New England Preparatory School Athletic Council ("NEPSAC"_ is a Maine Nonprofit Corporation with a registered agent at McKee Law, LLC, P.A., 133

State Street, Augusta, Maine 04330.  At all relevant times, it conducted business at the office of its President, Bob Howe, at 7 Boyden Lane, Deerfield, Massachusetts 01342 and maintained a mailing address at the office of its treasurer, Jim Smucker, at 10 Technology Drive, Suite 40, #147, in Hudson, Massachusetts 01749.

## II.    Jurisdiction

4.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this action involves a claim arising under Federal law, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.  This Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.  This Court has personal jurisdiction over the defendants as Proctor Academy is a New Hampshire citizen and NEPSAC transacts business and committed tortious acts within the State of New Hampshire and is thus subject to the long arm statute, RSA 510:4(I).

6.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims herein occurred in this juridical district.

## III.    Facts Common to All Claims[1]

7.  B.H. is a senior at Proctor Academy, a boarding school in Andover, New Hampshire.

8.  B.H. is male and identifies as male.

9.  B.H. expressed an interest in and started playing and practicing field hockey with his friends in the Fall of 2018.  Although B.H. has never played on a team, he has the

---

[1] In addition to the verifications below, the factual allegations set forth herein are supported by the accompanying affidavit of B.H, filed herewith as "Exhibit 1" and incorporated herein by reference.

potential to be selected to play varsity field hockey at Proctor Academy if given the opportunity to try out.

10. He is sufficiently talented to play on the varsity field hockey team for Proctor Academy and he wishes to try out for it.

11. Although Proctor Academy is a coeducational school, and its junior varsity field hockey team may permit players of both genders, the varsity team is strictly girls only.

12. Upon information and belief, the reason the varsity field hockey team is girls-only is that Proctor Academy is a member of the New England Preparatory School Athletic Council ("NEPSAC") and they are entwined.

13. Upon information and belief, Proctor Academy admits in its student handbook that it "must comply with…federal laws dealing with sexual harassment" regarding students, which necessarily means Title IX.  See Proctor Academy, "The 2019-2020 Green Book", available at < https://bbk12e1-cdn.myschoolcdn.com/ftpimages/3/misc/misc_178245.pdf >

14. There is no boys or coeducational varsity field hockey team at Proctor Academy.

15. Field hockey is not a "contact sport" under 45 CFR § 86.41(b).  *See, e.g., B.C. v. Cumberland Reg. Sch. Dist. Bd. Ed.,* 220 N.J. Super. 214, 229, 531 A.2d 1059 (App.Div.1987) (although field hockey may involve incidental contact, it is not a contact sport).

16. Prior to the Fall 2019 season, Gregor Makechnie, the Director of Athletics at Proctor Academy, contacted Bob Howe, President of NEPSAC, regarding B.H. playing varsity field hockey.  See Exhibit 2.

17. Exhibit 2, filed herewith, contains a true and correct compilation of emails sent by Mr. Makechnie to Brenda Hinds.

18. Mr. Makechnie was initially informed that B.H. would not be permitted to play, so B.H. wrote a formal appeal that Mr. Makechnie forwarded to NEPSAC.  See Exhibit 2.

19. On August 22, 2019, Mr. Howe responded that the NEPSAC Board "voted unanimously to deny the appeal."  See Exhibit 2.

20. Mr. Howe further stated:

> Field Hockey is a NEPSAC girls sport and is only open at the varsity level to those students identifying as female.

> [B.H.] could practice with the team and play the role of manager on NEPSAC game days.  He could also opt to play on the jv varsity team.

See Exhibit 2.

21. This is in stark contrast to Mr. Howe's prior, lauded work, in which it was recognized that "Howe has also assisted in scripting a transgender policy for NEPSAC and has helped ensure that Title IX, which entitles girls all the same athletic benefits boys receive, is being strictly enforced by all member schools."  See York, Bob, "Meet NEPSAC President Bob Howe" NEPSAC Special News (Feb. 5, 2015), available at <https://www.nepsac.org/page/3258/nocat_page/0/840 >.

22. Only 3 % of high school athletes go on to play NCAA Division I field hockey, and athletes must play to their full potential to impress college scouts.  See Pollitt, Richard "'There's a College for Every Player':  Conquering the College Recruitment

Process" Salisbury Daily Times (June 27, 2019) available at <https://www.delmarvanow.com/story/sports/2019/06/27/theres-college-every-player-conquering-college-recruitment-process/1512897001/>.

23. Thus, if B.H. were female, or identified as such, he would be permitted to reach his potential, join his friends, and play varsity field hockey at Proctor Academy.

24. B.H. will have one senior year to play varsity field hockey. Playing junior varsity will simply not afford him the level of competitiveness to reach his maximum potential. There are only around 20 games per season, which ends mid-November; with each passing missed game, and having only this year, he loses the intangible enjoyment of having played with his friends, a dissipating good in and of itself, and the ability to become a collegiate player. *See* NEPSAC, "Brooks School's Field Hockey wins NEPSAC Class B Tournament, Has Perfect 17-0-2 Season" available at <https://www.nepsac.org/page/hot_news/2792/view/69 > .

25. Upon information and belief, there is no harm to the defendants were B.H. to play varsity field hockey.

26. Upon information and belief, his coaches would be happy to have him play. *See* Exhibit 3.[2]

27. Upon information and belief, the girls who would play with him would be happy to have him play. *See* Exhibit 3.

28. Upon information and belief, by a broad enough injunction, the other schools in the conference would be allowed to field males on their teams as well, offering Proctor Academy no competitive advantage.

---

[2] Exhibit 3, filed herewith, is a true and correct copy of letters from the Proctor Academy Head of School and the Field Hockey Coach.

29. Upon information and belief, boys play on "girls' teams" in field hockey in Massachusetts.  *See* Cullity, Mike, "Massachusetts ERA Allows Boys to Compete with Girls in Sports Such as Field Hockey, Swimming, Volleyball, and Gymnastics" ESPN (Jun. 15, 2012) available at <https://www.espn.com/high-school/girl/story/_/id/8055704/massachusetts-era-allows-boys-compete-girls-sports-such-field-hockey-swimming-volleyball-gymnastics>.

30. NEPSAC would permit B.H. to play on the junior varsity team.  Upon information and belief, whatever concerns there might be about co-educational field hockey, including the risks of incidental contact, exist at the junior varsity level as well as the varsity level.  In fact, to the extent there are concerns regarding incidental contact and the potential for injury, less-developed, younger players on the junior varsity squads could well suffer greater injury when playing with an older, varsity-level athlete.  Moreover, upon information and belief, NEPSAC's sport with the greatest amount of contact, wrestling, is already co-educational.  *See* NEPSAC, "Sports>Co-Ed Sports>Co-ed Varsity Wrestling" available at <https://www.nepsac.org/page/2821 >.

31. Upon information and belief, the "public interest is supported by enforcing" antidiscrimination law.  *Axelrod v. Phillips Acad., Andover*, 36 F. Supp. 2d 46, 50 (D. Mass. 1999).

## IV.    Causes of Action

### COUNT ONE

### VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C.

### § 1681

32. Plaintiff restates and realleges the statements in paragraphs 1-30 above as if fully set forth herein.

33. Under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), "No person shall, on the basis of sex, be excluded from participation in . . . any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and no recipient shall provide any such athletics separately on such basis."

34. By refusing to permit B.H. to try out for and play on the varsity field hockey team because he is male and identifies as such, Defendants are engaged in discrimination on the basis of sex.

35. Such discrimination is in violation of Title IX.

36. As a proximate result of such violation, B.H. has lost the opportunity to play varsity field hockey with his friends and earn the attention of college scouts.

37. Such losses are irreparable.

38. As a proximate result of such violation, B.H. has also suffered emotional distress.

## COUNT TWO

### VIOLATION OF RSA 354-A:16

39. Plaintiff restates and realleges the statements in paragraphs 1-30 above as if fully set forth herein.

40. Defendants operate places of public accommodation, in running a school that is open to admission and producing interscholastic athletic games for public consumption.

41. RSA 354-A:16 prohibits discrimination in places of public accommodation on the basis of sex and gender identity.  Such is also prohibited under Mass. Gen. Laws, c. 272, § 98, to the extent applicable.[3]

42. By refusing to permit B.H. to try out for and play on the varsity field hockey team because he is male and identifies as such, Defendants are engaged in discrimination on the basis of sex and gender identity.

43. Such discrimination is in violation of RSA 354-A:16 and Mass. Gen. Laws, c. 272, § 98.

44. As a proximate result of such violation, B.H. has lost the opportunity to play varsity field hockey with his friends and earn the attention of college scouts.

45. Such losses are irreparable.

46. As a proximate result of such violation, B.H. has also suffered emotional distress.

**COUNT THREE**

**VIOLATION OF RSA 358-A:2**

47. Plaintiff restates and realleges the statements in paragraphs 1-30 above as if fully set forth herein.

48. Defendants are engaged in trade and commerce, in running a school that is open to admission and producing interscholastic athletic games for public consumption.

49. RSA 358-A:2 prohibits Defendants from engaging in unfair trade practices.  Such is also prohibited under Mass. Gen. Laws, c. 93A, § 2, to the extent applicable.[4]

50. By refusing to permit B.H. to try out for and play on the varsity field hockey team because he is male and identifies as such, Defendants are engaged in discrimination on the basis of sex and gender identity.

---

[3] To the extent necessary, Plaintiff will file a complaint with the Massachusetts Commission Against Discrimination and seek a right to sue letter.

[4] Although G.L. c. 93A, § 9, ordinarily requires a party to wait 30 days after sending a written demand before filing suit, that may be abrogated when seeking a temporary restraining order. *See McKensi v. Bank of Am., N.A.*, No. 09-11940-JGD, 2010 U.S. Dist. LEXIS 99540, at *8 (D. Mass. Sep. 22, 2010).

51. Such discrimination is an unfair trade practice in violation of RSA 358-A:2 and Mass. Gen. Laws, c. 93A, § 2.

52. As a proximate result of such violation, B.H. has lost the opportunity to play varsity field hockey with his friends and earn the attention of college scouts.

53. Such losses are irreparable.

54. As a proximate result of such violation, B.H. has also suffered emotional distress.

**V.    Demand for Jury Trial**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands trial by jury in this action of all issues so triable.

**VI.    Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. Declaring that Defendants' discrimination against B.H. on the basis of his sex and gender identity violates federal and state anti-discrimination law and is an unfair and deceptive trade practice;

2. Preliminarily and Permanently enjoining Defendants from discriminating against him on the basis of his sex and gender identity by requiring them to permit him to try out for and, if otherwise qualified but for his sex and gender identity, play for the Proctor Academy varsity field hockey team;

3. Awarding Plaintiff all compensatory damages, including emotional distress, statutory damages, general damages, exemplary damages, and punitive damages as allowable by law, and all available prejudgment and postjudgment interest;

4. Awarding Plaintiff his reasonable costs, including attorneys' fees, incurred in bringing this action; and

5. Granting such other and further relief as this Court may deem just and proper.

Date:   October ___, 2019

Respectfully submitted,
Local Counsel:

/s/ Kathleen E. McKenzie
Kathleen E. McKenzie, Esquire
NH Bar ID No. 269080
Raymond J. DiLucci, P.A.
81 South State Street
Concord, NH 03301
(603) 2242100

*Pro Hac Vice Counsel (Pending):*

/s/Joseph M. Orlando, Jr., Esq.
Joseph M. Orlando, Jr., Esq.
Orlando & Associates
BBO# 680995
Orlando & Associates
One Western Avenue
Gloucester, MA 01930
Ph. (978) 283-8100
Fx. (978) 283-8507
jmorlandojr@orlandoassociates.com
*Pro Hac Vice Counsel (Pending):*

/s/Marc Randazza, Esq.
Marc Randazza, Esq.
Randazza Legal Group
BBO# 651477
30 Western Avenue
Gloucester, MA -01930
Ph. (978) 801-1776
mjr@randazza.com

**VERIFICATION**

I, Brenda Hinds, declare as follows:

1) I am the parent and next friend of Plaintiff B.H., a minor, in the present case.

2) I have personal knowledge of the factual allegations set forth above except where such are identified as being upon information and belief, and if called on to testify, I would competently testify as to the matters stated herein.

3) I declare under penalty of perjury that the factual statements in this Verified Complaint are true and correct.

Executed on October 18, 2019

Brenda Hinds

**VERIFICATION**

I, Kevin Hinds, declare as follows:

1) I am the parent and next friend of Plaintiff B.H., a minor, in the present case.

2) I have personal knowledge of the factual allegations set forth above except where such are identified as being upon information and belief, and if called on to testify, I would competently testify as to the matters stated herein.

3) I declare under penalty of perjury that the factual statements in this Verified Complaint are true and correct.

Executed on October 18, 2019

Kevin Hinds

## VERIFICATION

I, B.H., declare as follows:

1)      I am the Plaintiff B.H., a minor, in the present case.

2)      I have personal knowledge of the factual allegations set forth above except where such are identified as being upon information and belief, and if called on to testify, I would competently testify as to the matters stated herein.

3)      I declare under penalty of perjury that the factual statements in this Verified Complaint are true and correct.

Executed on October 1̶8̶, 2019

B.H.